**MCI TELECOMMUNICATIONS CORPORATION, Plaintiff,**

v.

**GORMAN, WELLS, WILDER & ASSOCIATES, INC., Defendant.**

**No. 90–6830–CIV.**

United States District Court, S.D. Florida.

March 22, 1991.

Hoanh Tran, Washington, D.C., for plaintiff.

Wayne Carson, Fort Lauderdale, Fla., Paul Sexton, Tallahassee, Fla., for defendant.

**ORDER DENYING MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND DENYING MOTION TO REFER ISSUES TO THE FCC**

JAMES LAWRENCE KING, Chief Judge.

This cause is before the court on the plaintiff's motion to dismiss the defendant's counterclaim and on the defendant's motion to refer issues to the Federal Communications Commission. The plaintiff's complaint seeks over $50,000 for telecommunications services which it asserts are due and owing pursuant to rates established in a tariff filed with the Federal Communications Commission (FCC). The defendant's answer and counterclaim assert that all payments due and owing to the plaintiff were paid and that the charges claimed by the plaintiff do not arise from the asserted FCC tariff. The defendant's counterclaim further alleges that the plaintiff made fraudulent misrepresentations to the defendant to induce the acceptance of the plaintiff's services.

### I. Motion to Dismiss

The plaintiff has filed a motion to dismiss the defendant's counterclaim on the basis that the defendant has failed to state a claim. As the basis for its motion, the plaintiff argues that its tariff with the FCC precludes the defendant's counterclaim, even if there was actual fraud in the inducement of the contract with the defendant.

The defendant asserts that the charges made by the plaintiff were not made pursuant to any tariff on file with the FCC. Rather, the defendant's answer and counterclaim allege that the plaintiff made fraudulent misrepresentations to the defendant as to its services and then billed charges that were not in accordance with either the parties' agreement or a tariff filed with the FCC. Moreover, the defendant points out that language in the plaintiff's tariff states: "MCI's liability for willful misconduct, if established as a result of judicial or administrative proceedings, is not limited by this tariff."

■ On a motion to dismiss for failure to state a claim on which relief can be granted, the court must view the complaint or counterclaim in the light most favorable to the party seeking relief, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the [party seeking relief] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In addition, "[a]t this stage of the litigation, [the court] must accept [the counterclaimant's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ Given the standard governing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and given the allegations made by the defendant, the court finds that the defendant's allegations are sufficient to withstand a motion to dismiss for failure to state a claim. Contrary to the plaintiff's assertions, the counterclaim is not necessarily precluded at this stage of the proceedings by the invocation of the filed rate doctrine. Indeed, the counterclaim does not simply allege that the plaintiff quoted fees below those established in a filed tariff. The counterclaim suggests that a more extensive fraud may have occurred in which misrepresentations were made as to fees, equipment, and the nature of services. Moreover, the terms of the tariff and its applicability to the fraud alleged by the defendant, both of which serve as plaintiff's defenses to the counterclaim, are unclear at this point.

## II. Motion to Refer Issues to the FCC

■ In the other motion now before this court, the defendant asks the court to refer issues to the FCC under the doctrine of primary jurisdiction. The plaintiff has opposed the motion, claiming that the reference would only cause delay. The plaintiff, however, has not disputed that the FCC has primary jurisdiction over issues under the Communications Act.

The defendant has asked that this case be referred to the FCC so that the FCC can determine whether the plaintiff's conduct constitutes an unjust and unreasonable practice in violation of Section 201 of the Communications Act of 1934. The defendant essentially seeks a reference to the FCC in order to have the FCC consider the filed rate doctrine in light of Section 201. The filed rate doctrine is well established, however, and the United States Supreme Court has recently upheld the continued viability of the filed rate doctrine under a similar statutory scheme. *See Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* — U.S. ——, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990) (Interstate Commerce Act). Due to the potential for undue delay and due to the established nature of the filed rate doctrine, the court finds that there is no genuine justification for referring the issues in this case to the FCC.

Accordingly, after careful consideration of this matter, this court

ORDERS and ADJUDGES that the plaintiff's motion to dismiss the defendant's counterclaim be, and the same hereby is, DENIED. The court further

ORDERS and ADJUDGES that the defendant's motion to refer issues to the Federal Communications Commission be, and the same hereby is, DENIED.

DONE and ORDERED.